**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>        Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>        Defendants. | CV 11-8140-PCT-FJM<br><br>**ORDER** |

The court has before it the City of Flagstaff's ("the City") motion to dismiss state law claims (doc. 4), defendants Roy and Courtney Taylor's ("the Taylors") joinder in the motion to dismiss (doc. 13), plaintiffs' response (doc. 17), defendants' notice of errata[1] (doc. 18), and defendants' reply (doc. 19).

On August 25, 2010, Officer Roy Taylor, a Flagstaff police officer, responded to a reported disturbance call at plaintiff Kenneth Christopher Mitchell's ("Christopher") apartment in Flagstaff, Arizona. Upon arrival, Officer Taylor looked into the apartment's bedroom window. He observed 78-year old Kenneth Mitchell (Christopher's father) standing

---

[1] Defendants inadvertently failed to attach the notice of claim to their motion. A copy was attached to their notice of errata. See Defs.' Notice of Errata, ex. A. Plaintiffs also attached a copy of the notice of claim to their response.

1  with his back to the window, holding a shotgun.  Christopher was on his hands and knees on
2  the bedroom floor.  Officer Taylor, allegedly without providing any verbal warning or order,
3  shot Kenneth Mitchell four times.  Kenneth died from his wounds, and is survived by his son
4  Christopher and his spouse, plaintiff Ruth Mitchell.

5  Plaintiffs filed a notice of claim with the City and Officer Taylor on February 17,
6  2011.  This action was filed on August 22, 2011 in the Superior Court of Arizona in
7  Coconino County and asserts three counts: (1) negligence - wrongful death; (2) violations
8  of Fourth, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and
9  (3) negligent infliction of emotional distress ("NIED").  Defendants timely removed to this
10 court.  The City moves to dismiss counts one and three against it.  The Taylors join in the
11 motion with respect to the dismissal of count three against Officer Taylor.

12 Plaintiffs argue that we must treat the instant motion as one for summary judgment,
13 because it requires us to look at the notice of claim.  We may properly consider evidence
14 outside of the complaint in a motion to dismiss, however, if "(1) the complaint refers to the
15 document; (2) the document is central to the plaintiff's claim; and (3) no party questions the
16 authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445,
17 448 (9th Cir. 2006).  Here, the notice of claim is expressly mentioned in plaintiffs' complaint.
18 It is central to the plaintiffs' state law claims against the City and Officer Taylor, because
19 these claims are barred unless a notice of claim was properly filed.  See Backus v. State, 220
20 Ariz. 101, 103, 203 P.3d 499, 501 (2009).  And neither party questions the authenticity of the
21 document.  Indeed, the content of the copy submitted by defendants is identical to the content
22 of the copy plaintiffs attached to their response.  Accordingly, we take judicial notice of
23 plaintiffs' notice of claim.

24 Arizona law requires individuals with claims against public entities and employees
25 to file a notice of claim within 180 days after the cause of action accrues.  A.R.S. § 12-
26 821.01(A).  In addition to being timely filed, a notice of claim must (1) "contain facts
27 sufficient to permit the public entity or public employee to understand the basis upon which
28 liability is claimed;" (2) "contain a specific amount for which the claim can be settled;" and

(3) contain "the facts supporting that amount." <u>Id.</u>; <u>see also</u> <u>Backus</u>, 220 Ariz. at 104, 203 P.3d at 502 (noting that an action against a public entity can only proceed if the notice of claim meets all three statutory requirements). These statutory requirements are designed to permit a public entity to assess its liability through investigation, assist the entity in budgeting, and facilitate possible settlement of the claim. <u>Id.</u> They are not designed, however, to convert a notice of claim into an early legal complaint. Although a notice of claim must apprise the public entity of the basis of liability, it need not satisfy the pleading standards of <u>Twombly</u> and <u>Iqbal</u>.

Defendants concede that plaintiffs' notice of claim was timely and contained facts supporting the specific amount of damages claimed. Nevertheless, they argue that the notice of claim fails to meet the first statutory requirement. The City argues that the notice of claim lacks sufficient facts to enable it to understand its liability for the wrongful death claim. Both the City and Officer Taylor argue that the notice of claim lacks sufficient facts to enable them to understand the NIED claim. Plaintiffs fail to rebut this argument in their response, focusing on § 12-821.01(A)'s third requirement that the settlement amount claimed be supported by facts. However, we can examine the notice of claim to determine whether sufficient facts exist that would allow the defendants to understand the basis of liability claimed by plaintiffs.

Plaintiffs allege in their wrongful death claim (count one) that the City is vicariously liable for Officer Taylor's negligence in shooting Kenneth Mitchell, and that the City is liable for negligent training and supervision of Officer Taylor's use of deadly force. The City complains that the notice of claim does not describe any wrongdoing on its part. Specifically, the City argues that the notice of claim is deficient because it fails to state the theories of liability - vicarious liability and negligent supervision and training - upon which plaintiffs rely. We disagree. Although § 12-821.01(A) requires a notice of claim to contain facts that allow a public entity to understand the basis of liability, its plain language does not require a claimant to expressly state specific legal theories. Legal theories are not facts. The

omission of a legal buzzword from a notice of claim will not render it defective if facts are stated that enable an entity to understand the basis of liability.

The general rule in Arizona is that an employer is vicariously liable for its employee's negligence. Wiggs v. City of Phoenix, 198 Ariz. 367, 369, 10 P.3d 625, 627 (2000). An employer is vicariously liable when an employee acts "within the course and scope of employment." Engler v. Gulf Interstate Eng'g, Inc., 227 Ariz. 486, ¶ 17, 258 P.3d 304 (Ct. App. 2011) (citing Restatement (Third) of Agency § 7.07(1) (2006)). An employee's conduct is within the scope of his employment when he acts "subject to the employer's control or right of control" and "in furtherance of the employer's business." Id.; see also Duncan v. State, 157 Ariz. 56, 61, 754 P.2d 1160, 1165 (Ct. App. 1988) (noting that a city was vicariously liable if its police officer was acting within the scope of his employment when he shot and killed another law enforcement trainee). Here, plaintiffs' notice of claim includes facts sufficient for the City to understand that it might be vicariously liable for Officer Taylor's allegedly negligent use of deadly force. The notice of claim states that Officer Taylor, a Flagstaff police officer, arrived at Christopher's apartment after responding to a domestic disturbance call. From these facts, the City could deduce that Officer Taylor was acting within the scope of his employment when he shot Kenneth Mitchell. The fact that Officer Taylor was responding to a domestic disturbance call suggests that he was acting subject to the City's control and in furtherance of the City's business by diffusing a domestic disturbance. These facts are sufficient for the City to understand the basis for its potential vicarious liability on plaintiffs' wrongful death claim.

The notice of claim also enables the City to understand the basis for a negligent training and supervision claim. As discussed above, the notice of claim clearly identifies Officer Taylor as a City of Flagstaff police officer. The notice details Officer's Taylor's actions and movements from the moment he arrived at Christopher's apartment. It discusses Officer Taylor's use of a flashlight to look into the bedroom window, his observation of 78 year old Kenneth Mitchell standing with his back turned to Officer Taylor and holding a

shotgun, and his observation of Christopher Mitchell on his hands and knees on the floor of the room. The notice of claim details Officer's Taylor's reaction to these observations: "[a]pparently thinking that Kenneth Mitchell might intend to harm his son, Officer Taylor reacted by shooting Kenneth Mitchell Sr. four times in the back and killing him." Def's Notice of Errata, ex. A. Plaintiffs then assert their position that Officer Taylor's decision to shoot Kenneth Mitchell four times in the back was unreasonable, unjustified, and unlawful. These facts are sufficient to place the City on alert that its training or supervision of a police officer who reacted by shooting an elderly man in the back multiple times might have been negligent. In sum, we conclude that the facts included in the notice of claim were sufficient to allow the City to understand the nature of plaintiffs' wrongful death claim and investigate its potential liability. Accordingly, we deny the City's motion to dismiss count one.

Finally, we address plaintiffs' NIED claim. To ultimately prevail on their NIED claim, plaintiffs must show that they (1) witnessed an injury to someone closely related to them; (2) suffered mental distress that "manifests itself as a physical injury"; and (3) were within the "zone of danger" such that they were exposed to an "unreasonable risk of bodily harm" caused by defendants' conduct. Villareal v. State Dept. of Transp., 160 Ariz. 474, 481, 774 P.2d 213, 220 (1989); see also Keck v. Jackson, 122 Ariz. 114, 115, 593 P.2d 668, 669 (1979) (to recover for NIED, emotional distress "must be manifested as a physical injury"). Defendants complain that the notice of claim fails because it does not mention NIED, establish that plaintiffs were in the zone of danger, or specifically state that plaintiffs experienced physical injury.

But the notice of claim statute does not require claimants to plead each required element of a cause of action. The notice need only contain facts sufficient for the public entity to understand and investigate the claim. Here, the notice of claim alleges that Officer Taylor shot the decedent, Christopher's father, four times while Christopher was in the same room. It also describes the emotional pain and suffering experienced by both Ruth and Christopher as the result of this incident. These facts are sufficient to alert the defendants of a potential

emotional distress claim - either NIED or intentional infliction of emotional distress. To put it bluntly, a police officer unloaded four bullets into the back of plaintiffs' spouse and father, killing him. This scenario would reasonably lead a close family member who witnessed this event to experience emotional distress that manifests itself physically. The notice of claim invited the defendants to request any additional information they needed to complete their investigation. If defendants wanted to find out the specifics of whether Ruth witnessed the event, or whether plaintiffs cannot sleep, or have migraines, or were experiencing any other physical symptoms that witnessing the shooting of a close family member might cause, then defendants could have asked. Based on the court's reading of the notice of claim, the appearance of the NIED count in plaintiff's complaint should not have come as a surprise.

**IT IS ORDERED DENYING** defendants' motion to dismiss state law claims (doc. 4).

DATED this 18th day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge