**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>            Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>            Defendants. | CV 11-08140-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion to amend the complaint (doc. 27), defendants' response (doc. 28), and plaintiffs' reply (doc. 31). This action arises from an incident where defendant Officer Taylor shot and killed plaintiffs' relative Kenneth Mitchell. On November 18, 2011, we denied defendants' motion to dismiss the state law claims (doc. 20). Soon after, we issued a Rule 16 scheduling order, which set a January 6, 2012 deadline for motions to amend the complaint (doc. 25).

Plaintiffs filed their motion to amend on January 6, 2012. Their proposed first amended complaint ("FAC") adds additional factual detail, removes some claims plaintiffs now recognize as not cognizable, and adds a statutory claim of survivorship asserted by plaintiff Ruth Mitchell. The FAC consists of five counts: (1) statutory wrongful death claim pursuant to A.R.S. § 12-611; (2) statutory survivorship claim pursuant to A.R.S. § 14-3110; (3) a § 1983 claim asserted against Officer Taylor; (4) a § 1983 claim asserted against the

City of Flagstaff; and (5) negligent infliction of emotional distress.[1]

Under Rule 15(a)(2), Fed. R. Civ. P., a court should freely give leave to amend if justice so requires. However, an amendment must not prejudice an opposing party, be sought in bad faith, produce undue delay, or be futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Defendants oppose the motion. First, they argue that amending the complaint to add additional facts and remove improper claims is not necessary and serves no purpose other than to cause undue delay. There is no undue delay here. Plaintiffs filed their motion to amend within the deadline we set in our Rule 16 order.

Next, defendants argue that the inclusion of a statutory claim of survivorship serves no purpose other than undue delay, because decedent suffered no pre-death damages and any recovery under a claim of survivorship and a claim for wrongful death cannot be duplicative. For the reasons discussed above, the motion to amend was timely filed. Moreover, Arizona law recognizes that "a claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from the same wrongful act." Barragan v. Superior Court of Pima Cnty., 12 Ariz. App. 402, 405, 470 P.2d 722, 725 (Ct. App. 1970); see also Gandy v. United States, 437 F.Supp.2d 1085, 1086 (D. Ariz. 2006) ("wrongful death claim and a survival claim are separate claims arising from the same incident"). The FAC alleges that Kenneth Mitchell lost income and services and sustained property damage as a result of his injuries. Whether he actually suffered any recoverable pre-death damages is a question of fact that is unresolved at this early stage of the proceedings. Because Arizona considers survivorship and wrongful death separate claims, permitting plaintiffs to add a statutory claim of survivorship is not futile.

Finally, defendants argue that inclusion of the statutory survivorship claim violates A.R.S. § 12-821.01, because plaintiffs' notice of claim failed to provide any factual or legal allegations sufficient to provide notice of a survivorship claim. A notice of claim must (1)

---

[1] The FAC mistakenly styles the negligent infliction of emotional distress claim as count six.

- 2 -

1 "contain facts sufficient to permit the public entity or public employee to understand the basis
2 upon which liability is claimed;" (2) "contain a specific amount for which the claim can be
3 settled;" and (3) contain "the facts supporting that amount." A.R.S. § 12-821.01(A). There
4 is no requirement that plaintiffs list all legal theories in their notice. See id. The notice of
5 claim details the events surrounding the death of Kenneth Mitchell. Plaintiffs allege that
6 Kenneth was shot in the back four times and died. They indicate that Ruth Mitchell is
7 Kenneth's spouse. Defs.' Notice of Errata, ex. A, at 3 (doc. 18). These facts are sufficient
8 to place defendants on notice that Ruth Mitchell might assert a statutory survivorship claim
9 for any damages Kenneth suffered from the shooting until his death. See Barragan, 12 Ariz.
10 App. at 404, 470 P.2d at 724 (survivorship statute permits recovery for damages that a
11 decedent suffered from the time of an event until death).

12 **IT IS ORDERED GRANTING** plaintiffs' motion to amend (doc. 27). Plaintiffs shall
13 comply with the filing and service requirements of LRCiv 15.1.

14 DATED this 22nd day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -