**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>      Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>      Defendants. | CV 11-08140-PCT-FJM<br><br>**ORDER** |

      The court has before it plaintiffs' motion to substitute expert witness (doc. 52), defendants' response (doc. 61), and plaintiffs' reply (doc. 69). We also have before us plaintiffs' motion for order to release and transfer custody of evidence for inspection and non-destructive testing (doc. 67), defendants' response (doc. 73), and plaintiffs' reply (doc. 74).[1]

**I**

      This action arises out of the shooting of Kenneth Mitchell, plaintiffs' husband and father, by Officer Taylor of the Flagstaff Police Department. Plaintiffs engaged James Serpa as an expert witness in November 2011. Our Rule 16 scheduling order, issued in December 2011, set plaintiffs' expert disclosure deadline as April 20, 2012 (doc. 25). On April 5, 2012,

---

[1] Both parties failed to comply at various points with this Court's two-page limit on discovery motions, responses, and replies (doc. 25 at 3).

plaintiffs contacted defendants to request that certain physical evidence (bullets and a shotgun recovered from the scene) be shipped to Serpa's office for inspection and testing. Defendants denied the request on April 6, 2012, indicating that the evidence would only be available for inspection and testing at the Flagstaff Police Department. Next, plaintiffs sent a formal request for production of the items pursuant to Rule 34, Fed. R. Civ. P., which was also denied. In the meantime, the parties arranged for Serpa's inspection of the evidence at the Flagstaff Police Department on April 16, 2012. Defendants' expert arrived at the Flagstaff Police Department on April 16, 2012 and, using his own equipment, tested the evidence. Serpa, however, did not show up.

Serpa's expert report, which is dated April 18, 2012 and was timely disclosed, states that because he has "not had the opportunity to conduct non-destructive examinations of the physical evidence in this case," he is "unable to render any conclusions or opinions in the matter." Resp. to Mot. to Substitute, ex. K at 1. Plaintiffs have continued to request release of the evidence to their expert, requests which defendants have refused, citing chain of custody issues and Flagstaff Police Department protocol. In the meantime, Serpa unexpectedly quit on May 2, 2012.

**II**

Plaintiffs have identified a new expert, Ronald Scott, and move for his substitution as expert witness. Defendants oppose the request. They argue that the motion is an attempt to circumvent the scheduling order, because Scott will effectively be permitted to disclose new expert opinions after the deadline, in violation of our Rule 16 scheduling order. Defendants argue that Serpa's expert report is deficient under Rule 26(a)(2)(B), Fed. R. Civ. P. because it does not contain opinions, conclusions, results, or data. Thus, they argue that Scott's testimony should be barred under Rule 37(c)(1), Fed. R. Civ. P.

The issue of whether or not Scott's opinions will be admissible is a separate issue from whether or not he should be permitted to substitute in for the now-absent Serpa. Because there is no motion to exclude expert opinions pursuant to Rule 37(c)(1) before us, our discussion of whether a failure to sufficiently disclose opinions was substantially justified

1 or harmless would be premature. Defendant does not dispute, however, that Serpa's abrupt 2 abandonment of this case was out of plaintiffs' control. Under these circumstances, we find 3 that plaintiffs should be permitted to substitute Ronald Scott as their expert witness, and will 4 grant plaintiffs' motion to substitute. This ruling should not be construed, however, as an 5 indication as to whether any of Scott's expert opinions will be admissible.

### III

7 Plaintiffs move for a second time for the release and transfer of custody of evidence 8 to their expert for inspection and non-destructive testing pursuant to Rule 37, Fed. R. Civ. 9 P.[2] Their counsel's communications attached to the motion argue that plaintiffs' expert 10 requires the evidence to be released to him for testing at his own facility using his own 11 equipment, and that travel to Flagstaff for inspection and testing would be inconvenient and 12 expensive. See Mot. for Release, ex. G. Defendants oppose the request. They argue that 13 they have substantially complied with plaintiffs' requests by making the evidence available 14 for testing at the Flagstaff Police Department, including an offer for plaintiffs' expert to bring 15 his own equipment for testing. Defendants offer an affidavit from a sixteen-year veteran of 16 the Flagstaff Police Department, who cannot remember any time when evidence was released 17 to a non-government entity for testing, and that such an action would be inconsistent with 18 department procedure. Resp. to Mot. for Release, ex. D.

19 Plaintiffs argue that defendants' opposition is unjustified because their expert is 20 qualified to properly handle and transport the evidence. That may be the case. However, 21 plaintiffs have not persuasively established why the release of evidence to their expert is 22 necessary. It was plaintiffs' choice to retain an expert outside of Flagstaff. And plaintiffs 23 have not explained why permitting their expert to bring his own equipment to the police 24 department for testing would be insufficient, other than vague assertions that the equipment 25 might be damaged if moved, and that the equipment at the police department is "likely"

---

[2] Plaintiffs' first request was denied on April 18, 2012 for failure to comply with LRCiv 7.2(j) (doc. 47).

1  insufficient. Moreover, defendants state (and plaintiffs have not rebutted) that police
2  department policy for chain of custody prevents the transfer of evidence to non-government
3  entities. Accordingly, we deny plaintiffs' motion for release and transfer.

## IV

**IT IS ORDERED GRANTING** plaintiffs' motion to substitute expert witness (doc. 52). **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for order to release and transfer custody of evidence for inspection and non-destructive testing (doc. 67).

DATED this 19th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge