**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>  Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>  Defendants. | CV 11-08140-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' request for clarification or alternatively request for extension (doc. 97) and defendants' response (doc. 101).[1]

Our Rule 16 scheduling order set July 20, 2012 as the deadline for parties "to finally supplement <u>all</u> discovery. . . pursuant to Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial" (doc. 25 at 2) (emphasis in original). Plaintiffs ask for clarification whether a computer animation that they plan to develop, which they characterize as a demonstrative exhibit and "an illustration of the conclusions already reached by [p]laintiffs' experts," must be disclosed by July 20, 2012. <u>Mot.</u> at 2.

---

[1] Plaintiffs' motion fails to comply with LRCiv 7.2(j)'s requirement that moving counsel certify that they personally consulted with the opposing party prior to filing the motion.

1    The answer is yes. Rule 26(a)(2)(B)(iii), Fed. R. Civ. P. requires that an expert report
2 contain "any exhibits that will be used to summarize or support" the expert's opinions. This
3 includes animations, demonstrative or otherwise, intended to illustrate an expert's
4 conclusions. See Raley v. Hyundai Motor Co., Ltd., CIV-08-0376-HE, 2010 WL 545860,
5 at *3 (W.D.Okla. Feb. 9, 2010) (regardless of whether experts' exhibits were substantive or
6 demonstrative, they were required to be disclosed pursuant to Rule 26(a)(2)(B)(iii), Fed. R.
7 Civ. P.). Rule 26(e)(2), Fed. R. Civ. P. requires that supplementation of information
8 contained in an expert report "must be disclosed by the time the party's pretrial disclosures
9 under Rule 26(a)(3) are due." Our scheduling order set this deadline as July 20, 2012.

10    Alternatively, plaintiffs ask that the July 20, 2012 supplementation deadline be
11 extended "to allow sufficient time for demonstrative exhibits to be prepared with all
12 discovery taken into consideration." Mot. at 4. Scheduling orders "may be modified only
13 for good cause." Fed. R. Civ. P. 16(b)(4). Plaintiffs have not identified good cause for an
14 extension here. The scheduling order is crafted to require final supplementation before the
15 close of all discovery to allow the parties a meaningful opportunity to review each other's
16 materials and prepare any rebuttal. Extending the final supplementation deadline will upset
17 the remaining deadlines. The scheduling order was entered over seven months ago, affording
18 the parties ample time to plan ahead in order to meet the final supplementation deadline.

19    **IT IS ORDERED DENYING** plaintiffs' request for clarification or alternatively
20 request for extension (doc. 97).

21    DATED this 13th day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -