**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>            Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>            Defendants. | CV 11-08140-PCT-FJM<br><br>**ORDER** |

The court has before it defendants' amended Rule 37(c)(1) motion to exclude expert opinions of Ronald Scott (doc. 107), plaintiffs' response (doc. 116), and defendants' reply (doc. 122).[1]

Our Rule 16 scheduling order set plaintiffs' expert disclosure deadline as April 20, 2012, defendants' expert disclosure deadline as May 21, 2012, and the rebuttal expert disclosure deadline for all parties as June 20, 2012 (doc. 25 at 2). The final supplementation deadline was July 20, 2012, and the discovery deadline is August 21, 2012. Rule 16 Order at 2-3.

---

[1] Defendants originally filed a motion to strike Scott's opinions on July 12, 2012. We ordered defendants to file an amended motion that complied with our page limits on discovery motions, and set an expedited briefing schedule (doc. 106).

Plaintiffs retained James Serpa as an expert witness in November, 2011. According to plaintiffs, Serpa first notified them on April 3, 2012 that he needed to have physical evidence released to him to finalize his conclusions. The parties engaged in extensive discussions concerning the release of evidence. Ultimately, although defendants would not release the evidence into Serpa's custody, defendants arranged for Serpa to inspect and test the evidence at the Flagstaff Police Department on April 16, 2012. Serpa never showed up. On April 20, 2012, plaintiffs disclosed Serpa's preliminary report, which defendants describe as "completely devoid of any opinions, conclusions, examination results or data." Mot. at 1. Plaintiffs acknowledge that the report was "substandard." Response at 2.

Serpa unexpectedly quit on May 2, 2012. On May 11, 2012, plaintiffs filed a motion to substitute Ronald Scott as their expert witness, which we granted on June 20, 2012 (doc. 78).[2] In the meantime, defendants served their expert disclosure on May 21, 2012 (doc. 58). Plaintiffs disclosed Scott's expert report on June 20, 2012. Defendants have scheduled Scott's deposition for August 3, 2012.

If a party fails to provide information as required by Rule 26(a), Fed. R. Civ. P., the improperly disclosed evidence is excluded unless the improper disclosure was either substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Defendants argue that because Serpa's preliminary report was deficient, Scott's recently disclosed opinions are untimely and should be excluded.

Plaintiffs do not contend that Serpa's preliminary report complied with Rule 26(a)(2), Fed. R. Civ. P. They argue that they were substantially justified under the circumstances in submitting Serpa's report in order to meet the April 20th deadline. We disagree. At the time plaintiffs were required to disclose Serpa's report, Serpa had not yet quit. Plaintiffs have offered no explanation for why they did not seek an extension of the expert disclosure deadline, despite knowing that Serpa needed to inspect and test evidence to render his

---

[2] We did not rule as to whether any of Serpa or Scott's opinions should be excluded.

- 2 -

conclusions, and despite knowing that Serpa failed to show up at an appointment to test the evidence only four days before the deadline to disclose his report.[3] Instead, they elected to disclose Serpa's preliminary report on time, although the report was, in plaintiffs' own words, substandard. Under these circumstances, plaintiffs' failure to comply with Rule 26(a)(2), Fed. R. Civ. P. was not substantially justified.

Plaintiffs argue that the disclosure of Scott's opinions on June 20th is harmless because defendants have already had Scott's report for a month, did not take Serpa's deposition, and have scheduled Scott's deposition. The late disclosure of Scott's opinions, however, has affected defendants. Because defendants were required to disclose their experts by May 21, 2012, defendants' experts were unable to review and consider Scott's opinions in formulating their expert reports. See Schuette v. City of Phoenix, CV-08-2018-PHX-MHM, 2010 WL 1253193, at *4 (D. Ariz. Mar. 25, 2010) (plaintiff's late disclosure of expert report "unfairly and inappropriately forced" defendants' expert to prepare his report without "the opportunity to respond specifically to [plaintiff's expert's] conclusions and analysis of the relevant data"). Moreover, the disclosure of Scott's report on the rebuttal expert disclosure deadline prevented defendants from disclosing rebuttal experts to counter Scott's opinions.

Permitting plaintiffs to utilize Scott's expert opinions without providing any accommodations to defendants would not be harmless. We recognize, however, that Serpa's unexpected departure (and defendants' objection to the substitution of Scott) made it difficult for plaintiffs to immediately address the preliminary report's deficiencies in a way that could have lessened the harm to defendants. Moreover, defendants waited three weeks after receiving Scott's report to file their motion to exclude, which may have compounded their harm.

When faced with a similar situation of plaintiff's untimely disclosure of an expert

---

[3] Plaintiffs did request a six-month extension of all deadlines on March 28, 2012, arguing only that it would be burdensome to meet the deadlines because more discovery was needed (doc. 37). The motion was denied (doc. 38).

- 3 -

opinion, Schuette concluded that an appropriate remedy was to permit defendants to submit an amended expert report and recoup attorneys' fees and costs incurred in obtaining the amendment. Id. We conclude that the harm to defendants caused by the late disclosure of Scott's opinions can be remedied without imposing the heavy sanction of exclusion. Given that discovery has not yet closed and Scott's deposition has already been scheduled, a solution similar to Schuette will sufficiently alleviate any harm. Defendants recognize that the "only way to remedy the harm caused to Defendants would be to extend their rebuttal expert disclosure deadline." Reply at 2. We can provide defendants with an opportunity to rebut Scott's opinions without upsetting the other deadlines set forth in the Rule 16 scheduling order.

**IT IS ORDERED DENYING** defendants' motion to exclude expert opinions of Ronald Scott (doc. 107).

**IT IS ORDERED** that defendants may have up to and including August 6, 2012 to file an amended version of their expert report(s), limited to amendments that address Ronald Scott's opinions.

**IT IS ORDERED** that defendants may have up to and including August 6, 2012 to disclose any rebuttal experts, limited to experts who will rebut Ronald Scott's opinions.

**IT IS FURTHER ORDERED** that, after judgment has been entered in this case, defendants may file a motion for attorneys' fees and costs related to obtaining an amended version of their expert report(s) in accordance with LRCiv 54.2.

This order shall not be construed to affect any other deadline set forth in the scheduling order.

DATED this 25th day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge