**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Bradburn Mitchell, individually and as personal representative of the Estate of Kenneth Mitchell; Kenneth Christopher Mitchell,<br><br>   Plaintiffs,<br><br>vs.<br><br>City of Flagstaff; Roy Taylor; Jane Doe Taylor,<br><br>   Defendants. | CV 11-08140-PCT-FJM<br><br>**ORDER** |

The court has before it plaintiffs' motion to compel production of FTO and OIT documents (doc. 118), defendants' response (doc. 143), plaintiffs' reply (doc. 154), defendants' supplemental response (doc. 164), and plaintiffs' objection to defendants' supplemental response (doc. 165). Next, we have plaintiffs' motion to compel documents in privilege log (doc. 119), defendants' response (doc. 142), and plaintiffs' reply (doc. 155). We also have plaintiffs' motion to compel medical vision records of Roy Taylor (doc. 120), defendants' response (doc. 141), and plaintiffs' reply (doc. 156). Finally, we have defendants' motion to preclude plaintiffs' exhibits and expert addendum reports (doc. 134), plaintiffs' response (doc. 139), and defendants' reply (doc. 151).

**I**

This action arises from an incident where Officer Roy Taylor shot and killed plaintiffs'

family member, Kenneth Mitchell, while responding to a domestic disturbance call involving Kenneth Mitchell and his son, plaintiff Kenneth Christopher Mitchell. Officer Murray, an officer in training, was one of the officers who responded to the call. He knocked on the front door of the apartment where Kenneth and his son were arguing.

Plaintiffs assert that they have learned through deposition testimony that Officer Murray had problems knocking loudly on doors during training. Plaintiffs move, pursuant to Rule 37, Fed. R. Civ. P., for an order compelling defendants to produce the Field Training Officer ("FTO") reports and notebook and the Officer in Training ("OIT") reports pertaining to Officer Murray prior to the date of the shooting.[1] Defendants argue in response that none of plaintiffs' requests for production requested the training records of Officer Murray, a non-party. But plaintiffs requested "[a]ny and all documents relating to police officer training" and "all documents which set forth the initial training program currently given to police officers." Mot. to Compel FTO, ex. B at 1-2. These requests for production are broad enough to encompass training records pertaining to Officer Murray.

Next, defendants argue that Officer Murray's training records for the months prior to the shooting are irrelevant to plaintiffs' claims of excessive force, because Officer Murray did not use force and did not even see the shooting.[2] Rule 26(b)(1), Fed. R. Civ. P. permits a party to seek discovery "relevant to any party's claim or defense" that is "reasonably calculated to lead" to admissible evidence. Plaintiffs argue that Officer Murray's prior problems with knocking loudly on doors is relevant, not only because his credibility is at

---

[1] Defendants have already produced Officer Murray's training records from the night Kenneth Mitchell was shot.

[2] After briefing closed, defendants filed a "supplemental response," arguing that the motion is moot because plaintiffs have deposed Officer Murray. Briefing contemplates a motion, response, and reply. Defendants did not seek leave of court to file a supplement, and we generally do not allow parties to supplement briefs once briefing is complete. That a fully-briefed motion has not yet been ruled on is not an open invitation to "supplement" earlier filings. We do not consider defendants' supplemental response here. Moreover, plaintiffs have not withdrawn the motion and defendants have not produced the requested documents. The motion is not moot.

stake as a witness, but also because he knocked on the door the night of the shooting, which is relevant to the sequence of events claimed by defendants. We agree. If Officer Murray had documented problems knocking loudly on doors, this might inform a fact finder's conclusion as to whether Kenneth Mitchell knew the police were there, whether Kenneth or his son were defying police orders, and whether Taylor's actions leading up to and culminating in the shooting were appropriate under the circumstances. Plaintiffs' motion to compel the FTO reports and OIT materials of Officer Murray is granted.

**II**

Plaintiffs sent written requests for production that included a request for e-mail concerning the shooting. In addition to providing some documents, defendants submitted a privilege log regarding several e-mails for which they asserted work-product protection, attorney client privilege, or both (doc. 119-2 at 17-18). The privilege log identifies the number of pages of each e-mail, identifies each email by Bates number, and identifies the date. Under a column titled "Document Description," defendants describe each document as "[i]nternal E-mail regarding subject incident." Under a column titled "Privilege/Protection," defendants list the privilege or protection asserted without further comment (doc. 119-2 at 17-18). The privilege log does not name either the sender or recipient of the e-mails.

Plaintiffs have not challenged defendants' assertion of attorney-client privilege. They argue, however, that defendants' assertion of work-product protection is insufficient under Rule 26(b)(5)(A), Fed. R. Civ. P., and ask for an order compelling production of the e-mails for which the work-product protection is asserted. Defendants respond by stating that the e-mails are "internal e-mails between City of Flagstaff employees and various attorneys regarding the subject incident, made in anticipation of litigation." <u>Resp. to Mot. to Compel E-mails</u> at 2. They argue that the privilege log describes everything except the content, and that they could not have provided any additional information without revealing the protected information. Defendants did not provide the Court with a copy of any of the e-mails, thus we have been unable to conduct an *in camera* review of the documents at issue.

The work-product doctrine protects documents from discovery that were "prepared in anticipation of litigation. . . by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). A party claiming work-product protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Id. 26(b)(5)(A)(ii). Here, defendants have given virtually no information from which we can decide whether the materials at issue are properly designated as work product. Without at least knowing who sent and who received each e-mail, we cannot meaningfully address the question of whether e-mails "regarding the subject incident" were made in anticipation of litigation. See United States v. Union Pac. R.R. Co., No. CIV-06-1740-FCD-KJM, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (privilege log must contain "description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof") (citing United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)).

Instead, defendants simply ask us to trust that these e-mails, sent by someone to someone on a particular date regarding the "subject incident," were sent in anticipation of litigation. We conclude that defendants have not met their burden to show that the e-mails are protected by the work-product doctrine. Accordingly, defendants must produce the e-mails.[3] See Bronsink v. Allied Prop. & Cas. Ins. Co., No. C09-00751-MJP, 2010 WL 597489, at *3 (W.D. Wash. Feb. 16, 2010) (granting motion to compel after party did not "supply sufficient detail" in privilege log to support a finding that the challenged documents were privileged).

---

[3] Because plaintiffs did not challenge the defendants' assertion of attorney-client privilege, defendants are not required to produce any e-mails for which attorney-client privilege was asserted, or for which attorney-client privilege was asserted in addition to work-product protection.

- 4 -

**III**

Next, plaintiffs ask for an order compelling defendants to produce Roy Taylor's vision records. They argue that these records are relevant, because Taylor claims that he saw Kenneth Mitchell pointing a gun at his son, and was therefore justified in shooting Kenneth. Plaintiffs have not requested these records by issuing a subpoena to Taylor's medical providers, but rather have requested that defendants produce these documents pursuant to Rule 34, Fed. R. Civ. P. But Rule 34(a), Fed. R. Civ. P. does not contemplate requests for "documents from a party that are possessed by another person." Schwartz v. Home Depot U.S.A., Inc., No. CV-06-2168-PHX-FJM, 2007 WL 2020112, at *1 (D. Ariz. July 6, 2007) (citation omitted); see also Fed. R. Civ. P. 34(a)(1) (party may serve request on another party to produce documents "in the responding party's possession, custody, or control"). Instead, the Federal Rules permit plaintiffs to serve non-parties with subpoenas to compel the production of documents in the possession of non-parties. Schwartz, 2007 WL 2020112, at *1. If non-parties do not produce the documents, then plaintiffs can move to compel production. Id. Plaintiffs' motion, which asks us to compel Taylor to produce his medical records, "attempts to bypass the discovery procedure established by the federal rules." Id. Accordingly, it is denied.

**IV**

Finally, defendants move to preclude exhibits of plaintiffs' experts, Ronald Scott and Thomas Streed.[4] Defendants argue that the exhibits were disclosed late because they were not disclosed by the initial expert disclosure deadline. Plaintiffs respond that these exhibits are merely demonstrative, were not relied upon by Scott or Streed when forming their initial opinions, were disclosed as soon as they were created, and were disclosed by the final supplementation deadline.

Without the context in which these exhibits might be used by the experts during their

---

[4] These exhibits include diagrams of the scene, line of sight, gunshot trajectories, and a shooting reconstruction.

testimony, we think it premature to rule on whether a jury should be allowed to view the exhibits. If these are merely demonstrative, as plaintiffs claim, they were created for trial and will not play a factor in summary judgment practice. At this stage we do not even know if there will be a trial, much less if plaintiffs will call these experts to testify, or if plaintiffs will try to show the exhibits to a jury. We decline to rule on what is essentially a very early motion in limine, and deny defendants' motion on that basis. Our denial is without prejudice to defendants making an appropriate objection to the use of the exhibits at trial.

**V**

Upon granting a motion to compel, Rule 37(a)(5)(A), Fed. R. Civ. P. requires us, "after giving an opportunity to be heard," to order the losing party to pay the reasonable expenses of making the motion. If a motion to compel is denied, Rule 37(a)(5)(B) requires us, after providing an opportunity to be heard, to order the moving party to pay the reasonable expenses of opposing the motion. Here, we have granted two of plaintiffs' motions to compel and denied the third. The underlying objections to and arguments underlying the motions were at least substantially justified. Accordingly, we will not order an award of fees. See id. 37(a)(5)(A)(ii); 37(a)(5)(B).

Throughout this lawsuit, the parties have clashed over discovery. This has burdened the Court in a number of discovery disputes, many of which were accompanied by requests for expedited consideration. Counsel are reminded as this action moves forward that working together cooperatively is in the best interests of their clients.

**VI**

**IT IS ORDERED GRANTING** plaintiffs' motion to compel production of FTO and OIT documents (doc. 118). Defendants shall produce the requested documents within five (5) days of the date of this Order.

**IT IS ORDERED GRANTING** plaintiffs' motion to compel documents in privilege log (doc. 119). Defendants shall produce the e-mails, limited to those for which only work-product protection was asserted, within five (5) days of the date of this Order.

**IT IS ORDERED DENYING** plaintiffs' motion to compel medical vision records

1  of Roy Taylor (doc. 120).

2  **IT IS ORDERED DENYING** defendants' motion to strike plaintiffs' exhibits and
3  expert addendum reports (doc. 134). This denial is without prejudice to defendants making
4  an appropriate objection during trial, should this action proceed to trial.

5  DATED this 13th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge